UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| YONGSUK SHIN on behalf of herself and FLSA Collective Plaintiffs,<br><br>Plaintiff,<br>v.<br><br>JUN YUP LEE and<br>JY LEE CHIROPRACTIC LLC,<br><br>Defendants. | Case No.: 23-cv-02694<br><br>**COLLECTIVE ACTION COMPLAINT**<br><br>Jury Trial Demanded |

Plaintiff, Yongsuk Shin (hereinafter "Plaintiff"), through her attorneys, as and for her Complaint in this action against Defendant Jun Yup Lee (hereinafter "Defendant Lee"), and Defendant JY Lee Chiropractic LLC (hereinafter "Defendant JYL") (collectively, "Defendants"), hereby alleges as follows:

## INTRODUCTION

1. Plaintiff alleges that, pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §§ 201 *et seq.* ("FLSA"), that Plaintiff and the FLSA Collective Plaintiffs, as defined below, are entitled to recover from Defendants: (1) unpaid overtime wages; (2) liquidated damages; and (3) attorney's fees and costs.

2. Plaintiff further alleges that, pursuant to the New Jersey Wage Payment Law, N.J.S.A. §§ 34:11-4.1 *et seq.* (NJWPL); the New Jersey Wage and Hour Law, N.J.S.A. §§ 34:11-56a *et seq.* (NJWHL); and the New Jersey Wage and Hour Regulations, N.J.A.C. §§ 12:56 *et seq.* (NJWHR) (collectively "NJ State Wage Laws"), that Plaintiff is entitled to recover from Defendants: (1) unpaid overtime wages; (2) unpaid wages due to Defendants failure to pay the

1

prevailing minimum wage; (3) statutory penalties; (4) liquidated damages; and (5) attorney's fees and costs pursuant to Defendants violation of NJ State Wage Laws.

3. As detailed below, during the course of Defendants employment of Plaintiff, Plaintiff regularly worked more than eight (8) hours per day and forty hours (40) per week. Defendants knowingly, willfully, and intentionally failed to pay overtime compensation in violation of the FLSA and NJ State Wage Laws.

4. As detailed below, during certain periods of her employment, Defendants have knowingly, intentionally, and willfully failed to compensate Plaintiff at least the minimum wage rate provided by NJ State Wage Laws.

5. As a result of the aforementioned pay practices by Defendants, Plaintiff and the FLSA Collective Plaintiffs were illegally under-compensated for their work.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216 and 28 U.S.C. § 1331 and has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391.

8. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## PARTIES

9. Plaintiff is a resident of Bergen County, New Jersey.

10. Plaintiff was at all times relevant hereto a non-exempt employee of Defendants within the meaning of the FLSA and NJ State Wage Laws.

11. Plaintiff was at all times relevant hereto an individual employed in the State of

New Jersey by Defendants.

12. Plaintiff had at all times relevant hereto resided in the State of New Jersey.

13. Defendant Lee is, upon information and belief, a resident of Bergen County, New Jersey.

14. Defendant Lee is a doctor of chiropractic with Defendant JYL.

15. Defendant JYL is a New Jersey limited liability company located at 669 Broad Avenue, Suite 201, Ridgefield, New Jersey 07657.

16. At all relevant times during the statutory period covered by this Complaint, Defendants have transacted business within the State of New Jersey, including within this district.

17. At all relevant times during the statutory period covered by this Complaint, Defendants have operated as a "single enterprise" within the definition of Section 203(r)(1) of the FLSA.

## FLSA COLLECTIVE ACTION ALLEGATIONS

18. Plaintiff brings this action pursuant to the Fair Labor Standards Act Section 16(b), 29 U.S.C. § 216(b), on behalf of all non-exempt employees employed by Defendants on or after the date that is six (6) years before the filing of the Complaint in this case ("FLSA Collective Plaintiffs").

19. Plaintiff and other FLSA Collective Plaintiffs are and have been similarly situated, have had similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay the Plaintiff and other FLSA Collective Plaintiffs their proper overtime wages at one and a half times the regular rate for all

hours worked over forty (40) in a workweek. The claims of Plaintiff stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

20. Common questions of law and fact exist as to the FLSA Collective Plaintiffs that predominate over any questions only affecting them individually which include whether Defendants have failed to pay proper overtime wages.

21. The claims for relief are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. §216(b). The FLSA Collective Plaintiffs are readily available and ascertainable from Defendants.

## STATEMENT OF FACTS

22. Defendants Lee managed, supervised, established, and administered the terms and conditions of Plaintiff's employment on behalf of Defendant JYL.

23. On or about September 5, 2017, Plaintiff was hired by Defendants as an employee of Defendants. Plaintiff was hired as a receptionist/assistant/secretary and was employed by Defendants until or about April 15, 2022.

24. During the course of Plaintiff's employment by Defendants, Plaintiff was a non-exempt employee within the meaning of the FLSA and NJ State Wage Laws, and the implementing rules and regulations of the FLSA and NJ State Wage Laws.

25. Since the beginning of her employment, Plaintiff regularly and customarily, at the specific instructions and demand of Defendants, performed work for Defendants over eight (8) hours per day and over forty (40) hours per week.

26. Upon information and belief, the FLSA Collective Plaintiffs worked similar hours during the relevant time frame.

27. During her employment with Defendants, Plaintiff was paid bi-weekly, with

hand-written checks, but without paystub, explaining the rate of pay, overtime hours, deductions, or taxes by Defendants regardless of the number of hours she worked per day or week.

28. Plaintiff was never paid any overtime wages during the entire period of her employment with Defendants.

29. Pursuant to the FLSA and NJ State Wage Laws, for all weeks, during which she worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at a rate of one and one-half times her regular rate of pay.

30. Similarly, the FLSA Collective Plaintiffs regularly worked in excess of forty (40) hours per week without receiving any overtime wages for the hours worked in excess of forty (40) hours each week. As with Plaintiff, the FLSA Collective Plaintiffs was paid bi-weekly, with hand-written checks, but without paystub, explaining the rate of pay, overtime hours, deductions, or taxes by Defendants regardless of the number of hours she worked per day or week.

31. Upon information and belief, Plaintiff has worked overtime hours to be calculated at the time of trial, for which she was not paid.

32. Defendants have intentionally and willfully failed to compensate Plaintiff for any overtime pay accrued during her employment.

33. No exemption from overtime wages applied to Plaintiff's employment with Defendants.

34. Pursuant to NJ State Wage Laws, for all weeks during which Plaintiff has worked for Defendants, she was entitled to be compensated at least the minimum required by NJ State Wage Laws.

35. During certain periods of Plaintiff's employment, Defendants have intentionally

and willfully failed to compensate Plaintiff at least the minimum wage rate required by NJ State Wage Laws.

36. On or about April 5, 2022, on the final day of Plaintiff's employment, Defendants admitted to their failure to pay Plaintiff proper overtime wages, and presented an excel spreadsheet, attached hereto as Exhibit A, containing Defendants' calculation of such overtime hours and overtime payment owed to Plaintiff.

37. Upon information and belief, Defendants calculated and presented overtime pay owed to Plaintiff throughout her nearly five (5) years of employment as being $14,105.50, as seen in Exhibit A.

38. Upon information and belief, Defendants pressured Plaintiff and demanded that Plaintiff accept on the spot Defendants' calculation and payment of overtime owed, apparently in full satisfaction of Defendants' failure to pay Plaintiff overtime wages throughout the course of her nearly five (5) years of employment with Defendants, to which Plaintiff declined and asked for more time to review the calculation.

39. Upon information and belief, the overtime pay Defendants owed to Plaintiff is in well excess of Defendants' calculation.

40. Defendants never provided Plaintiff with a proper wage statement in violation of NJ State Wage Laws.

41. Defendants knowingly and willfully operated their business with a policy of not compensating employees, including Plaintiff and the FLSA Collective Plaintiffs, with proper overtime wages in violation of the FLSA and NJ State Wage Laws.

42. Defendants knowingly and willfully failed to pay Plaintiff and the FLSA Collective Plaintiffs proper regular and overtime wages for all hours worked.

43. Defendants knowingly and willfully operated their business with a policy of not providing proper wage notices, at the beginning of employment and annually thereafter, pursuant to the requirements of NJ State Wage Laws.

44. Plaintiff retained The Choi Law Group, LLC to represent Plaintiff and the FLSA Collective Plaintiffs.

### STATEMENT OF CLAIMS

### COUNT I

### (Violation of the Fair Labor Standards Act – Overtime Wages)

45. Plaintiff, on behalf of herself and the FLSA Collective Plaintiffs, repeats and re-alleges each and every allegation set forth above in this Complaint as though set forth fully at length herein.

46. Defendants have violated the Fair Labor Standards Act, 29 U.S.C. §201. *et seq*. for their failure to pay overtime wages to Plaintiff and the FLSA Collective Plaintiffs.

47. For the period commencing on or about September 5, 2017, and April 15, 2022, Plaintiff regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants over eight (8) hours per day and over forty (40) hours per week.

48. During her employment with Defendants, Plaintiff was paid bi-weekly, with hand-written checks, but without paystub, explaining the rate of pay, overtime hours, deductions, or taxes by Defendants regardless of the number of hours she worked per day or week.

49. Plaintiff was directed by Defendants to work and did so regularly work, in excess of forty (40) hours per week.

50. Similarly, the FLSA Collective Plaintiffs regularly and customarily at the specific instructions and demand of Defendants actually performed work for Defendants over eight (8)

hours per day and over forty (40) hours per week, and were also paid with hand-written checks, but without paystub, explaining the rate of pay, overtime hours, deductions, or taxes by Defendants regardless of the number of hours she worked per day or week.

51. During the course of her employment by Defendants, Plaintiff and the FLSA Collective Plaintiffs were non-exempt employees within the meaning of the FLSA.

52. Upon information and belief, records, if any, concerning the number of hours worked by the FLSA Collective Plaintiffs and the actual compensation paid to the FLSA Collective Plaintiffs, similar to Exhibit A, should be in possession and custody of Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case, and, if necessary, will seek leave of this Court to amend this Complaint to set forth the precise amount due.

53. Pursuant to 29 U.S.C. §207, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff and the FLSA Collective Plaintiffs were entitled to be compensated at a rate of one and one-half times her regular rate of pay.

54. Defendants have failed to compensate Plaintiff and the FLSA Collective Plaintiffs at a rate of one and one-half times her regular rate of pay for any overtime hours accrued during her nearly five (5) years of employment in violation of 29 U.S.C. §207.

55. Defendants willfully violated the FLSA by refusing to pay Plaintiff and the FLSA Collective Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week.

56. Defendants evidenced their willful violation of the FLSA by producing and demanding that Plaintiff accept Defendants' spreadsheet calculation as seen in Exhibit A.

57. Due to Defendants willful violation if the FLSA, Plaintiff and the FLSA

8

Collective Plaintiffs are entitled to an award of all applicable damages, including but not limited to compensatory, statutory, and liquidated/punitive damages, as well as attorney's fees.

## COUNT II

### (Violation of the New Jersey Wage Payment Law – Overtime Wages)

58. Plaintiff repeats and re-alleges each and every allegation set forth above in this Complaint as though set forth fully at length herein.

59. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

60. The matters set forth in this Count arise from Defendants' violation of the overtime wage compensation provisions of NJ State Wage Laws.

61. Pursuant to NJ State Wage Laws, for all weeks during which Plaintiff worked in excess of forty (40) hours, Plaintiff was entitled to be compensated at one and one-half times his normal hourly rate of pay for hours worked in excess of forty (40) hours per week.

62. Defendants failed to compensate Plaintiff's overtime wages for hours worked in excess of forty (40) in individual work weeks.

63. Defendants willfully violated NJ State Wage Laws by refusing to compensate Plaintiff at one and one-half times his regular rate of pay for hours worked in excess of forty (40) hours per week.

64. Defendants' wage practices, as described herein, were willful, intentional, unreasonable, arbitrary, and in bad faith violation of NJ State Wage Laws.

65. As a result of Defendants' wage practices described above, Plaintiff was illegally deprived of her wages earned, in such amounts to be determined at trial, and is entitled to recovery of all applicable damages, including but not limited to compensatory, statutory, and

punitive damages, as well as attorney's fees.

## COUNT III

**(Violation of the New Jersey Wage and Hour Law – Minimum Wages)**

66. Plaintiff repeats and re-alleges each and every allegation set forth above in this Complaint as though set forth fully at length herein.

67. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

68. The matters set forth in this Count arise from Defendants' violation of the minimum wage compensation provisions of N.J.S.A. §§ 34:11-56a4.

69. Pursuant to N.J.S.A. §§ 34:11-56a4, for all weeks during which Plaintiff was employed as a non-exempt employee by Defendants, Plaintiff was entitled to be compensated at a rate of not less than the minimum wage provided by N.J.S.A. §§ 34:11-56a4.

70. During certain weeks of Plaintiff's employment by Defendants as a non-exempt employee, Defendants compensated Plaintiff at a rate less than the minimum wage provided by N.J.S.A. §§ 34:11-56a4.

71. During certain weeks of Plaintiff's employment by Defendants as a non-exempt employee, Defendants willfully violated provided NJWPL and NJWHL by refusing to compensate Plaintiff at least the minimum wage rate provided by N.J.S.A. §§ 34:11-56a4 *et seq*.

72. As a result of Defendants' wage practices described above, Plaintiff was illegally deprived of her wages earned, in such amounts to be determined at trial, and is entitled to recovery of all applicable damages, including but not limited to compensatory, statutory, and punitive damages, as well as attorney's fees.

## COUNT IV

### (Violation of the New Jersey Wage and Hour Regulations)

73. Plaintiff repeats and re-alleges each and every allegation set forth above in this Complaint as though set forth fully at length herein.

74. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

75. Defendants are employers under NJWPL, N.J.S.A. § 34:11-4.1(a).

76. Pursuant to NJ State Wage Laws, employers are required to provide employees with notice of their rate of pay at the time of hiring and with wage statements for each pay period in which any deductions are made.

77. Defendants failed to provide both wage notices or wage statements.

78. Defendants failed to compensate Plaintiff overtime wages for all hours she worked during the course of her employment.

79. Plaintiff seeks all applicable damages, including but not limited to compensatory, statutory, and punitive damages, as well as attorney's fees.

## **PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays that the Court enter judgment in their favor and against Defendants, containing the following relief:

a. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NJ State Wage Laws;

b. An injunction against Defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them as provided by

  law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

c. An award of unpaid minimum wage due under NJ State Wage Laws;

d. An award of unpaid overtime due under the FLSA and NJ State Wage Laws.

e. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages pursuant to the FLSA;

f. An award of liquidated and/or punitive damages as a result of Defendants' willful failure to pay overtime wages pursuant to NJ State Wage Laws;

g. An award of statutory penalties, pre-judgment and post-judgment interests, costs and expenses of this action together with Plaintiff's reasonable attorney's fees and expert fees and statutory penalties;

h. An award of backpay, compensatory damages, and punitive damages under NJ State Wage Laws;

i. Designation of this action as a collective action on behalf of the Collective Class and prompt issuance of notice pursuant to 29 U.S.C. §216(b), apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b);

j. Designation of Plaintiff as representative of the Collective Class;

k. Designation of Plaintiff's counsel as class counsel for the Collective Class; and

l. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Respectfully submitted,

Dated: May 18, 2023

By: /s/ Eun Suk Yang
Eun Suk Yang, Esq. (NJ Bar 324832021)

**The Choi Law Group, LLC**
100 Challenger Road, Suite 302
Ridgefield Park, NJ 07660
T: (201) 438-0200
F: (201) 623-5888
E: eyang@choilawgroup.com
*Attorneys for Plaintiff,*
*Yongsuk Shin on behalf of herself and*
*FLSA Collective Plaintiffs*